USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1972 UNITED STATES, Appellee, v. JERALD J. COHEN, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge.  _____________ _____________________ Morris M. Goldings, with whom Richard S. Jacobs and Mahoney, __________________ _________________ ________ Hawkes & Goldings were on brief for appellant. _________________ Jean B. Weld, Assistant United States Attorney, with whom _____________ Paul M. Gagnon, United States Attorney, was on brief for _______________ appellee. ____________________ June 25, 1997 ____________________ Per Curiam. Defendant-Appellant Jerald J. Cohen Per Curiam. ____________ ("Cohen") pled guilty to one count of conspiracy to commit bank fraud and bank bribery, in violation of 18 U.S.C. 371, 1344, and 215(a)(1). Cohen's offense conduct involved his participation in a loan scheme whereby he received nearly $16 million in real estate loans, for which he paid at least $734,500 in "kickbacks" to particular bank officials. On August 20, 1996, the district court sentenced Cohen to 15 years' imprisonment. At Cohen's sentencing hearing, the district court denied his request for a two-level downward adjustment for being a minor participant under United States Sentencing Guidelines 3B1.2. On appeal, Cohen's only contention is that the district court committed clear error when it failed to grant him the downward adjustment. "Assessing a defendant's role in the offense is a fact-specific task, suggesting by its very nature 'that considerable respect be paid to the views of the nisi prius court.' It follows, therefore, that unless a mistake of law looms . . . [,] a sentencing court's determination of a defendant's role will be set aside only for clear error." United ______ States v. Tejada-Beltr n, 50 F.3d 105, 110-11 (1st Cir. 1995) ______ ______________ (quoting United States v. McDowell, 918 F.2d 1004, 1011 (1st Cir. _____________ ________ 1990)). "The defendant bears the burden of proving that he is entitled to a downward adjustment for his role in the offense." United States v. Gonz lez Soberal, 109 F.3d 64, 73 (1st Cir. ______________ ________________ 1997). -2- The Sentencing Guidelines allow the district court to grant a two-level downward adjustment to a minor participant in the criminal activity. This departure applies to "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G.  3B1.2, comment. n.3; see United States v. Ocasio, 914 F.2d 330, ___ _____________ ______ 333 (1st Cir. 1989). Cohen argues that the district court made three errors in the course of ruling that he was not less culpable than the other participants in this conspiracy or than the average participant who commits this offense. He alleges that: (1) the district court relied on the mere fact that he knowingly participated in the kickback scheme to conclude that he was as culpable as the other conspiracy members; (2) the district court's finding that Cohen was not less culpable than the others was clearly erroneous in the face of the probation department's and the U.S. Attorney's1 allegedly contrary assertions; and (3) the amount of fraudulent loans Cohen received and the bribes he paid to bank officials had already been taken into account in establishing the base offense level, implying that consideration of these amounts in determining that he was not a minor participant amounted to double-counting. Cohen claims that these three errors require that we reverse his sentence and remand.  ____________________ 1 While the U.S. Attorney's Office apparently conceded that Cohen was less culpable than the other members of the conspiracy, the Office made clear at the sentencing hearing that it did not believe that Cohen was less culpable than the average defendant who commits this sort of bank fraud. -3- Beyond these broad and conclusory assertions, however, he has not been able to point to facts in the record sufficient to compel the conclusion that his culpability was significantly less than that of the other participants in the scheme or -- more to the point -- that his culpability was less than that of the average defendant who commits bank fraud and bribery. Nor does Cohen develop or support his argument that the district court's ruling regarding his culpability relative to the other conspiracy participants, contrary to assertions of the parties and the probation department, is necessarily reversible error. In addition to noting Cohen's failure to present us with evidentiary support for a minor participant downward adjustment, we find no error in the district court's conclusion that he was not entitled to such an adjustment. The district court specifically noted that Cohen's conduct, including his active participation in the conspiracy's intended purposes, made him at least as culpable as the other criminal participants. The record specifically reveals that, during a one-and-a-half-year time period, Cohen repeatedly applied for loans for which he provided bribes and from which he received considerable benefit. As sole borrower of four loans, Cohen's role was integral to the success of the scheme as related to these loans. We find no error in the district court's refusal to grant Cohen a minor participant downward adjustment. Upon full consideration of the record, appellate briefs, and argument of counsel, we affirm the decision of the -4- district court on the basis of its rulings at Cohen's August 20, 1996, Sentencing Hearing. Affirmed. ________ -5-